# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM B. JOLLEY,

        Appellant,

    v.

DEPARTMENT OF HOUSING AND
  URBAN DEVELOPMENT,

        Agency.

DOCKET NUMBERS
AT-4324-18-0576-I-2
AT-4324-19-0041-I-1

DATE: March 31, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

William B. Jolley, Brunswick, Georgia, pro se.

Magda Lovinsky Chevron and Robert Andrew Zayac, Jr., Atlanta, Georgia,
    for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## ORDER

¶1    These appeals are before us on the administrative judge's April 23, 2019 orders certifying for interlocutory review his orders addressing the appellant's claims under the Appointments Clause of the U.S. Constitution. For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discussed below, we JOIN the two appeals,[2] VACATE the administrative judge's ruling and RETURN this case to the regional office for further adjudication before a different administrative judge consistent with this decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    In each of these appeals, the appellant alleged that the agency discriminated against him on the basis of his military service in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) by failing to select him for positions.  In his first appeal, *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-4324-18-0576-I-1, the appellant argued in part that the Board's administrative judges[3] were not properly appointed under *Lucia v. Securities & Exchange Commission*, 138 S. Ct. 2044 (2018), and that the statutory requirement that Federal employees bring USERRA claims before the Board is unconstitutional.  In July 2018, the administrative judge dismissed that appeal without prejudice to refiling within 90 days pending clarification from the Board regarding the appointment issue.[4]  *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-4324-18-0576-I-1, Initial Appeal File, Tab 4, Initial Decision.  The Board automatically refiled that appeal in

---

[2] Joinder of two or more appeals filed by the same appellant is appropriate when doing so would expedite case processing and will not adversely affect the parties' interests. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 1 n.1 (2015), *clarified by Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647 (2016); 5 C.F.R. § 1201.36(a)-(b).  We find that these criteria are satisfied here.  After the case is returned to the regional office, the administrative judge should determine whether it is appropriate to continue adjudicating the appeals together.

[3] The appellant actually referred to the Board's administrative *law* judges.

[4] In October 2018, the appellant sought review of the Board's decision before the U.S. Court of Appeals for the Federal Circuit.  However, the Federal Circuit dismissed that appeal on the Board's motion, finding that the dismissal of an appeal without prejudice to refiling is not a final decision for purposes of judicial review.  *Jolley v. Department of Housing & Urban Development*, No. 2019-1022, Order (Fed. Cir. Dec. 28, 2018).

October 2018. *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-4324-18-0576-I-2, Refiled Appeal File (0576 RAF), Tab 1. The refiled appeal was reassigned to a different administrative judge. 0576 RAF, Tab 2.

¶3    The appellant filed his other appeal, *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-4324-19-0041-I-1, in October 2018. The appellant raised the same arguments he had raised in his prior appeal. *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-4324-19-0041-I-1, Initial Appeal File (0041 IAF), Tab 1. That appeal was reassigned to the same administrative judge as his refiled appeal. 0041 IAF, Tab 3. The administrative judge issued an order in both of the appellant's pending appeals in which he gave the parties an opportunity to submit briefs addressing the effect of *Lucia* on the Board and its administrative judges. 0041 IAF, Tab 20; 0576 RAF, Tab 7. On April 23, 2019, the administrative judge issued an Order and Certification for Interlocutory Appeal in the appellant's two appeals. 0041 IAF, Tab 22; 0576 RAF, Tab 9. Applying the Supreme Court's decision in *Lucia*, he determined that the Board's administrative judges are inferior officers of the United States who must be appointed in accordance with the Appointments Clause[5] and that the appellant was entitled to a hearing before an official who had been properly appointed. 0041 IAF, Tab 22 at 7; 0576 RAF, Tab 9 at 7. He certified his ruling for interlocutory appeal and stayed all proceedings in the appeals pending the Board's resolution of the interlocutory appeal. 0041 IAF, Tab 22 at 8; 0576 RAF, Tab 9 at 8.

---

[5] Under the Appointments Clause, the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint . . . Officers of the United States . . . but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const. art. II, § 2, cl. 2.

**ANALYSIS**

¶4        An administrative judge will certify a ruling for interlocutory review if the ruling involves an important question of law or policy about which there is substantial ground for difference of opinion and an immediate ruling will materially advance the completing of the proceeding, or the denial of an immediate ruling will cause undue harm to a party or the public. *Cooper v. Department of the Navy*, 98 M.S.P.R. 683, ¶ 5 (2005), *review dismissed sub nom. Weaver v. Department of the Navy*, 197 F. App'x 936 (Fed. Cir. 2006); 5 C.F.R. § 1201.92. In light of the lack of guidance regarding the impact of the *Lucia* decision on the Board, we find that certification was proper.

The appellant's Appointments Clause claim is now moot.

¶5        In *Lucia*, the Supreme Court held that Securities & Exchange Commission (SEC) administrative law judges qualify as Officers of the United States subject to the Appointments Clause, rather than as mere employees. *Lucia*, 138 S. Ct. at 2049, 2052-55. Because SEC's administrative law judges were appointed by SEC staff members rather than the Commission itself, the Court held that the appointment of those administrative law judges violated the Appointments Clause. *Id.* at 2050-51.[6]

¶6        The Court in *Lucia* held that the remedy for an Appointments Clause violation "is a new 'hearing before a properly appointed' official." *Lucia*, 138 S. Ct. at 2055 (quoting *Ryder v. United States*, 515 U.S. 177, 182-83 (1995)). Here, all of the Board's administrative judges have now received appointments ratified by the head of the agency, thereby satisfying the requirements of the Appointments Clause. *See* U.S. Merit Systems Protection Board Ratification Order (Mar. 4, 2022), https://www.mspb.gov/foia/files/AJ_Ratification_Order

---

[6] The holding in *Lucia* applied only to SEC administrative law judges and therefore did not directly address whether the Board's method of appointing administrative judges violated the Appointments Clause. For the reasons set forth herein, we need not resolve that question here.

_3-4-2022.pdf.**7**  The Ratification Order is a public document, of which we take administrative notice.  *Id.*; *see Azdell v. Office of Personnel Management*, 88 M.S.P.R. 319, 323 (2001).  That document is also now a part of the record before the Board.  0041 IAF, Tab 23; 0576 RAF, Tab 10.  Therefore, the decision on the merits of these appeals will be issued in the first instance by a properly appointed official.

¶7        In order to avoid any additional Appointments Clause issues, we direct the regional office to assign the appeals to a properly appointed official other than either the administrative judge who issued the first initial decision or the administrative judge who certified the interlocutory appeal.  *See Lucia*, 138 S. Ct at 2055.[8]  Thus, the appellant has received all the relief the Board can provide as to his Appointments Clause claim and that issue is now moot.  *See Milner v. U.S. Postal Service*, 118 M.S.P.R. 600, ¶ 4 (2012) (holding that an issue is moot when there is no effective relief that the Board can provide).

---

[7] The Appointments Clause permits the appointment of inferior officers by the head of a department; principal officers must be appointed by the President with the advice and consent of the Senate.  We see no basis to conclude that the Board's administrative judges are principal officers.  *See Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868, 880-82 (1991) (holding that special trial judges of the Tax Court, who exercise significant discretion in adjudicating matters before them, are inferior officers).  Thus, the appointment of administrative judges by the Board satisfies the requirements of the Appointments Clause even if Board administrative judges are officers, rather than mere employees.

[8] Arguably, either of those administrative judges could properly adjudicate the appeal now that they have received proper appointments.  The Court in *Lucia* held that the official who heard the case after remand could not be the same one who already heard the case and issued an initial decision on the merits, even if he were to receive a proper appointment, because "[h]e cannot be expected to consider the matter as though he had not adjudicated it before."  *Lucia*, 138 S. Ct. at 2055.  This logic would not apply to either the administrative judge who certified the interlocutory appeal or the administrative judge who dismissed the appellant's first appeal without prejudice because neither judge has expressed a view on the merits of the appeal.  Nevertheless, we find it appropriate to assign the appeal to a different administrative judge for further adjudication in order to avoid any further claim under the Appointments Clause.

**ORDER**

¶8      Accordingly, we vacate the stay orders issued in these proceedings and return the appeals to the regional office for further processing and adjudication before a different administrative judge consistent with this Order.

FOR THE BOARD:                /s/ for

                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.